UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PASCOE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23-CV-P004-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J.J. SCARBOROUGH, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on initial review of Plaintiff Christopher Pascoe's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

On January 2, 2023, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [R. 1]. Plaintiff sues the following Defendants in their official capacities: Meade County Jailer J.J. Scarborough; Meade County Deputy Jailer Janet Kaufman; Chief Deputy of the Meade County Detention Center ("MCDC") Ernest Eugene Rutherford, Jr.; and Kyle T. Henderson, who Plaintiff fails to otherwise identify. He alleges constitutional violations occurring during his incarceration at MCDC beginning April 1, 2016, and for 27 months thereafter. *Id.*

Plaintiff states that while incarcerated at MCDC, he was denied water and covered in "fox spray" by Deputy Kaufman. He claims that Henderson observed the conduct by Kaufman. Plaintiff further alleges that Jailer Scarborough and Chief Deputy Rutherford covered up the misconduct by the deputies when the Department of Corrections "showed up." *Id.* at 4. Plaintiff states that his transportation order was lost after the Department of Corrections came to investigate jail

complaints he made to the Governor's Office. *Id.* He also asserts that while he was on suicide watch, Deputy Kaufman took his mat after the nurse threatened him into eating in front of Henderson. *Id.* at 5. Plaintiff claims that Jailer Scarborough would also walk down a hallway hoping "to get a rise 'to test out a new toy' Chemical/electrical [weapon]." *Id.* Finally, Plaintiff alleges he was tortured and "then tormented for 27 months of my life." *Id.*

Based on the allegations that occurred between April 1, 2016, and the 27 months thereafter—June 2018,[1] Plaintiff now brings claims against the Defendants for violations of the Eighth Amendment to the United States Constitution and "article 3 of The human Rights act violations 35." R. 1 at 3. Plaintiff seeks compensatory damages, punitive damages, and both Scarborough and Kaufman's "badges." *Id.* at 5.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

---

[1] In addition to his Complaint, Plaintiff attaches an affidavit that addresses a variety of claims that are unrelated to the allegations contained in his Complaint. [R. 1-1]. Plaintiff currently has four other civil-rights cases pending in the Western District of Kentucky, and many of the additional averments relate to those actions. *See Pascoe v. Casey*, 3:23-CV-00003-RGJ, *Pascoe v. Young*, 3:23-CV-00005-RGJ, *Pascoe v. Brinkley*, 3:23-CV-00006-DJH, *Pascoe v. Cabressa*, 3:23-CV-00007-RGJ. In fact, it appears that Plaintiff utilized the same affidavit in each civil action. As a result, the Court will not consider those additional "claims" in the present action.

19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A. 42 U.S.C. § 1983 Claims**

Because Section 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). Thus, in Kentucky, Section 1983 actions are limited by the one-year statute of

limitations found in KRS § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff specifically states that the events giving rise to these claims occurred from April 1, 2016, and for the next 27 months. Plaintiff's claims, therefore, are barred by the statute of limitations since it is clear that Plaintiff knew of the alleged injuries more than one year before the instant action was initiated on January 2, 2023. For this reason, this action must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

### B. Article 3 of the Human Rights Act

To the extent Plaintiff seeks damages for a violation of Article 3 of the Human Rights Act, the only reference to this "statute" the Court can discern from the case law is Article 3 of the European Convention on Human Rights or the United Kingdom Human Rights Act of 1998, Article 3 "Freedom from Torture, Inhuman, or Degrading Treatment." *See* S*wanson v. Hedrick Gardner Kincheloe & Garofalo LLP*, No. 7:19-CV-241-FL, 2020 WL 762834, at *2 (E.D.N.C. Jan. 27, 2020). Plaintiff's reference to a foreign statute is insufficient to state a claim upon which relief can be granted against these Defendants.

-5-

Furthermore, in the event, "Article 3 of the Human Rights Act" is a reference to a United States federal or state statute, this citation is insufficient to clarify the grounds for any potential claim. A plaintiff must do more than list the causes of action he seeks to pursue against a defendant. *Twombly*, 550 U.S. at 555.

### IV.

For the reasons set forth above, the Court will dismiss this action by separate Order.

This the 22nd day of May, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
A958.014